## MARY GARDNER *versus* JOHN WEBBER.

Upon the hearing of a motion to dismiss a writ on the ground of abuse of process, oral testimony and affidavits are admissible to prove such abuse, although the motion allege, that it appears by inspection of the writ.

Where the date and return day of a writ, after it had been delivered to an officer, and real estate attached upon it, were altered by the attorney for the plaintiff from time to time, before any summons was left with the defendant, in order that the real estate of the defendant might be, from time to time, privately attached in pursuance thereof, the Court refused to set aside the writ, it being proved, that such alterations were in conformity with the course of practice in this State ; and *i seems*, that the Court will take notice of such practice, *ex proprio motu*.

So the Court refused to set aside a writ, where it appeared, that it was originally filled up between different parties, but was not delivered to an officer to be served, and that it was subsequently altered by such attorney, for the purpose of commencing the action then under the consideration of the Court.

ASSUMPSIT. The defendant moved, in the Court of Common Pleas, that the writ, which was dated April 15, 1834, be dismissed, because it appeared by inspection, that it was originally in favor of Nehemiah D. Williams and against James Manley and Michael O'Donnell, that it was then dated in 1832, and was returnable in 1832, and that it had been since altered in respect to the parties, the date, and the return day ; because it also appeared on inspection, that the writ was served on May 28, 1832, on September 4, 1832, on December 4, 1832, on April 9, 1833, on September 3, 1833, and on December 8, 1833, by attachments of the real estate of Manley and O'Donnell, or of the present defendant ; by which acts and doings, it was alleged, that the writ was rendered void.

The defendant also pleaded in abatement, that on April 9, 1833, John Hovey, a deputy sheriff, attached the real estate of the present defendant, at the suit of the present plaintiff, by virtue of the same writ, which was then returnable on the third Monday of September 1833. To this plea the plaintiff demurred.

Upon the hearing of the motion to dismiss the writ, at the present term of this Court, the defendant offered the testimony of S. J. Gardner, Esq., who filled the writ, and of John Hovey, the officer by whom it was served. *Nov 1st*

*Leland*, for the plaintiff, objected, that such testimony was inadmissible, and contended that the question must be deter-

mined by the Court upon inspection of the writ, that being the mode of proof specified in the motion.

*Per Curiam.* The question is now upon the motion alone The defendant's application is to have the action dismissed for an abuse of process ; and this is a proper subject for a motion. It is generally the practice to determine such motions upon affidavits ; and the Court will also hear *vivâ voce* testimony, it being sometimes a shorter and more convenient mode of proof

But it is objected in this case, that the mode of proof is specified in the motion. We think, however, that the defendant is not to be confined to that mode. If the plaintiff is surprised, that is a ground for delay only.

The defendant thereupon called Mr. Gardner, who testified, that he had altered the date and return day of the writ from time to time, so as to make it returnable at a succeeding term of the Court of Common Pleas ; and that the attachments made by virtue thereof were private, no summons being left with the defendant, when they were made.

Hovey testified, that the attachments in question, were made upon the real estate of the present defendant only.

Several counsellors of law and deputy sheriffs, and the clerk of the Court, were also called as witnesses, and their testimony tended to prove that the alterations in this writ were made in conformity with a long established practice in this State.

*J. Mason* and *Clarke*, for the defendant, cited *Ogier* v. *Hayward*, Barnes's Notes, 417 ; *Towner* v. *Phelps*, 1 Root, 250 ; *Sullivan* v. *Alexander*, 18 Johns. R. 3 ; *Filkins* v. *Brockway*, 19 Johns. R. 170 ; *Ex parte Root*, 4 Cowen, 548 ; *The People* v. *Singer*, 1 Cowen, 41 ; *Durden* v. *Hammond*, 1 Barn. & Cressw. 111 ; *Anonymous*, 6 Mod. 310 ; *Crowther* v. *Wheat*, 8 Mod. 243 ; *Clarke* v. *Lyman*, 10 Pick. 45 ; *Brigham* v. *Este*, 2 Pick. 420 ; *St. 1 Hen. 5*, c. 5 ; 2 Co. Inst. 665, 670.

*Leland*, for the plaintiff, cited *Parsons* v. *Ely*, 2 Connect. R. 377 ; *Starr* v. *Lyon*, 5 Connect. R. 538 ; *Sloan* v. *Wattles*, 13 Johns. R. 158 ; *Sullivan* v. *Alexander*, 18 Johns. R. 4 ; *Ross* v. *Luther*, 1 Cowen, 42, note ; *St.* 1797, c. 50. § 1 ; *Haskell* v. *Haven*, 3 Pick. 404.

WILDE J. delivered the opinion of the Court. It appears, that the alterations in the writ were made in conformity to long established practice ; and of this practice the Court would take notice if no evidence relating to it had been offered. The practice is, when an attachment is made on a writ, but no summons is served on the defendant, to alter the date and return of the writ, so as to make it returnable to the next term. This practice is convenient, and we do not know that 't is liable to abuse.

It is said, that such a practice is a fraud on the clerks ; but if they acquiesce without complaint, this objection fails. It will be time enough to consider this matter when any complaint is made by them. The practice being thus established, it must govern this case, even if the objections to the practice were more weighty than they appear to be. If the Court should establish a new rule of practice, it ought not to operate retrospectively. In *Filkins* v. *Brockway*, 19 Johns. R. 170, a seal of the court had been used by being affixed to process which had been filled up, though not issued, and was afterwards detached and affixed to another writ ; and the Court refused to set aside the writ, although they laid down a rule against such practice, to operate *in futuro*.

The practice in England in respect to the alteration of writs, is different from ours ; but we must be governed by our own rules of practice. In England, no writ can be altered after it is sealed ; here, sealed blanks are delivered out for convenience ; and there is no objection to this practice in regard to mesne process. But in England, a writ which fails to be served may be altered and resealed without being stamped anew. *Durden* v. *Hammond*, 1 Barn. & Cress. 111. The practice there is, in this respect, similar to ours, excepting that there the writ must be resealed after the alteration of the teste and return day.

In respect to the objection, that the blank writ had been filled up in a case between other parties, we think that stands on the same ground as the other objection. It does not appear that it was ever delivered to an officer ; it was therefore never used to any effectual purpose.

*Motion to dismiss overruled, and respondeat ouster.*